Court of Criminal Appeals of Texas.
March 18, 1953.

. C. L. Harris, Lubbock, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is the sale of whiskey in a dry area; the punishment, sixty days in jail and a fine of $1,000.

Inspector Baxter, of the Liquor Control Board, testified that he called a certain telephone number in the city of Lubbock, from a card which had come into his possession, and asked to speak to Jean, whose name appeared on the card; that the woman's voice identified herself as Jean; that he then told her he wanted to buy a pint of whiskey and made an appointment to meet her. The witness stated that he and Inspector Hood proceeded to the rendezvous and there purchased a pint of whiskey from the appellant and then placed her under arrest.

Inspector Hood corroborated Baxter's testimony as to the purchase from appellant.

It was stipulated that Lubbock County was a dry area.

Appellant, testifying in her own behalf, stated that on the night in question she received a telephone call from a man who identified himself as Bill Stewart; that she had been having dates with Stewart; and that when he suggested that she get some whiskey and meet him, she agreed. She testified that she borrowed a bottle of whiskey from a friend, and when she arrived at the appointed place, Baxter walked up to her car, took the whiskey out of her hand, and pitched $5 over in the automobile.

If this testimony raised an issue, it was resolved against appellant by the jury's verdict.

Appellant attacks the sufficiency of the evidence to establish the dry status of Lubbock County. He overlooks the stipulation entered into in open court.

We find the evidence sufficient; and no reversible error appearing, the judgment of the trial court is affirmed.

## WILLIAMS v. STATE.
### No. 26315.

Court of Criminal Appeals of Texas.
March 18, 1953.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the offense of possessing alcoholic beverages for the purpose of sale, and his punishment was

assessed at sixty days in jail and a fine of $200.

The complaint and information, as well as all matters of procedure, appear regular. The record is before us without a statement of facts and bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.